UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARISH OF ST CHARLES** | **CIVIL ACTION** |
| VS. | NO. |
| **AMERICAN RIVER TRANSPORTATION COMPANY, LLC** | SECTION |
| | JUDGE |
| | MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

**NOW COMES**, petitioner, Parish of St. Charles, a political subdivision of the state of Louisiana, who respectfully represents as follows:

I.

**MADE DEFENDANT HEREIN IS**:

A. **AMERICAN RIVER TRANSPORATION COMPANY, LLC [hereinafter ARTCO]**, a limited liability company organized under the laws of the state of Delaware, with its principal business office located in the state of Illinois and its registered office in Louisiana located in Baton Rouge, Louisiana, authorized to do and doing business within the state of Louisiana and the jurisdiction of this Court, whose members are believed to be domiciled outside the State of Louisiana.

II.

Jurisdiction is based upon 28 U.S.C. § 1331, in that this matter arises from an allision that occurred on navigable waters, and this matter involves a breach of federal regulations, giving rise to original jurisdiction in this Court. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as this suit involves claims between citizens of different states and the amount in controversy exceeds $75,000, thus, giving this Court diversity jurisdiction. This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this is a suit in admiralty and/or maritime. Venue is proper in that the allision occurred within the Eastern District of Louisiana.

### III.

On or about August 29, 2021 the St. Charles Parish eastbank water intake facility, located on the Mississippi River was struck by a barge, identified as PVHC17, resulting in substantial damage to the facility's dock, equipment, and intakes.

### IV.

Petitioner is informed and believes that defendant ARTCO was the owner and operator of the covered dry cargo barge PVHC17 that struck and damaged Complainant's water treatment facility.

### V.

As a result of the allision between barge PVHC17 and Complainant's water treatment facility, Complainant not only sustained damages to the dock, its equipment, and intake on the Mississippi River, but also a disruption in water service to portions of St. Charles Parish.

### VI.

The allision between barge PVHC17 and the St. Charles Parish Water Treatment Facility was caused solely by the negligence of defendant, ARTCO, and said negligence was the cause and fact and legal cause of this allision and consisted of the following non-exclusive acts and failures to act:

    a. Failing to take reasonable precautions to secure barge PVHC17 under the circumstances known to defendant;

    b. Improper mooring of the barge;

    c. Failing to evacuate the barge prior to August 29, 2021;

    d. Failing to adhere to the mooring requirements of the United States Coast Guard;

    e. Defendant knew or should have known that the mooring of barge PVHC17 was

      inadequate under the circumstances;

    f.  Failing to properly train the crew and other crew members of the vessel;

    g.  Failure to properly staff, man, or otherwise supply workers to the vessel in question;

    h.  Failure to provide proper monitoring and supervision of the condition of the vessel during the time in question;

    i.  Failing to properly monitor the conditions of the vessel and its mooring throughout the weather event;

    j.  Failure to adhere to and keep notice of the weather advisory messaging provided by the National Weather Service and other sources; and

    k.  Any and all other acts of negligence that are proven at trial this matter,

## VII.

As a result of the allision between defendant's barge and Complainant's Water Treatment Facility, petitioner sustained the following non-exclusive damages:

    a.  Damage to Complainant's dock;

    b.  Damage to Complainant's equipment located on the Mississippi River;

    c.  Costs of repair, replacement, and/or renovation of the water treatment facility and its equipment;

    d.  Costs of evaluation, inspection, and design of the repair/replacement of the damaged property of Complainant;

    e.  Engineering, architecture, and other consulting fees associated with the evaluation of the damage sustained by Complainant;

    f.  Cost and expenses associated with emergency and temporary repairs to

    Complainant's water treatment facility in order to make the facility operational while repairs were undertaken;

g. Costs incurred by Complainant in providing temporary water services to St. Charles Parish residents;

h. Loss of revenue and income due to interruption of water service;

i. Other financial losses not yet calculated or identified; and

j. Pre-judgment and post-judgment interest.

## VIII.

**WHEREFORE,** Complainant prays that a copy of the above and foregoing complaint be served upon defendant and that it be required to anwser same and after due proceedings are had there be judgment herein in favor of petitioner, Parish of St. Charles, and against Defendant, American River Transportation Company, LLC, for all damages as are alleged herein and proven at trial, prejudgment and post judgment interest, all costs of these proceedings and all general and equitable relief.

    Respectfully Submitted,

_____
**Dominick F. Impastato, III (#29056)**
Marc Frischhertz (#29194)
FRISCHHERTZ & IMPASTATO, L.L.C.
1140 St. Charles Avenue
New Orleans, LA  70130
Telephone:  (504) 523-1500
Facsimile:   (504) 581-1670
Email: dominick@fi-lawfirm.com
        marc@fi-lawfirm.com